J-S15022-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD EDWARD PREIK | : | |
| | : | |
| Appellant | : | No. 1062 WDA 2018 |

Appeal from the PCRA Order Entered June 28, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007565-2004

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD E. PREIK | : | |
| | : | |
| Appellant | : | No. 1063 WDA 2018 |

Appeal from the PCRA Order Entered June 28, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007559-2004

BEFORE:   GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY SHOGAN, J.:                                    FILED JUNE 18, 2019

Appellant, Donald Edward Preik, appeals from the order dismissing his petitions seeking habeas corpus relief, or alternatively, a remedy pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[1]  After

_____

[1] Appellant filed a timely notice of appeal at each PCRA court docket number. On August 3, 2018, this Court consolidated the appeals sua sponte.

_____
*   Retired Senior Judge assigned to the Superior Court.

careful review, we conclude that the PCRA court properly treated Appellant's filings as untimely PCRA petitions and correctly dismissed them. Accordingly, we affirm.[2]

The PCRA court set forth the relevant facts and procedural history of this case as follows:

[Appellant] has appealed from this Court's Order of June 28, 2018, which dismissed his third Amended Post Conviction Relief Act Petition without a hearing. However, a review of the record reveals that because the Petition is untimely, this Court lacks the jurisdiction to address it. The Petition was, therefore, properly dismissed.

[Appellant] was charged at CC 200407565 with 17 counts of Invasion of Privacy,[1] four (4) counts of Involuntary Deviate Sexual Intercourse[2] and two (2) counts of Indecent Assault[3] and at CC 200407559 with 10 counts of Involuntary Deviate Sexual Intercourse,[4] two (2) counts of Aggravated Indecent Assault[5] and 20 counts of Indecent Assault.[6] The charges arose out of [Appellant's] repeated drugging of his girlfriend and several of her female relatives, including her mother and sisters, writing obscene phrases on their bodies, inserting various items into their bodies and then photographing them. On August 15, 2005, [Appellant] appeared before this Court and, in exchange for the dismissal of the remaining counts, entered a plea of guilty to [several] counts of each Information.[7] An assessment by the Sexual Offenders Assessment Board was ordered and conducted and preliminary testimony was heard on November 17, 2005. The conclusion of the SVP hearing was held on June 7 and 8, 2006, at which time

_____

[2] Counsel for Appellant, Jacob C. McCrea, Esquire, has filed appeals involving six defendants, all of whom are convicted sex offenders, at the following Superior Court docket numbers: Commonwealth v. Robinson at 1057-1058 WDA 2018; Commonwealth v. Bres at 1060 WDA 2018; Commonwealth v. Brant at 1061 WDA 2018; Commonwealth v. Preik at 1062-1063 WDA 2018; Commonwealth v. Pruitt at 1064-1066 WDA 2018; and Commonwealth v. Jones at 1067 WDA 2018. The issues raised in all of these appeals are identical; however, each defendant's appeal is addressed in a separate memorandum.

this Court found that [Appellant] was a "sexually violent predator" within the meaning of the Registration of Sexual Offenders statute, 42 Pa.C.S.A. §9791 et seq. [Appellant] was subsequently sentenced to three (3) consecutive terms of imprisonment of six (6) to twenty (20) years at each of the IDSI counts, and consecutive terms of imprisonment of one (1) to two (2) years at each indecent Assault count, for a total term of imprisonment of twenty (20) to sixty-four (64) years.

[1] 18 Pa.C.S.A. §7507.1(a) - 17 counts

[2] 18 Pa.C.S.A. §3123(a)(1) - 4 counts

[3] 18 Pa.C.S.A. §3126(a)(1) - 2 counts

[4] 18 Pa.C.S.A. §3123(a)(1) - 10 counts

[5] 18 Pa.C.S.A. §3125 - 2 counts

[6] 18 Pa.C.S.[A]. §3126(a)(1)

[7] [Appellant guilty to the following charges:] At CC 200407559: IDSI (2 counts); Aggravated Indecent Assault; Indecent Assault (2 counts); Invasion of Privacy; and at CC 200407565: IDSI.

[Appellant's] subsequent Post-Sentence Motion to Withdraw Guilty Plea and a Motion to Modify his Sentence were denied on June 28, 2006. The judgment of sentence was affirmed on November 28, 2007 and the Petition for Allowance of Appeal was denied on May 9, 2008.

[Appellant] filed a timely Post Conviction Relief Act Petition on July 3, 2008. Counsel was appointed and an Amended Petition was filed. After reviewing the Amended Petition and the Commonwealth's Response thereto, and after giving the appropriate notice, this Court dismissed the Amended Petition without a hearing on December 12, 2008.

No further action was taken until January 26, 2012, when [Appellant] filed a pro se "Motion to Correct Illegal Sentence," raising claims related to the statute of limitations and the alleged illegal nature of the multiple sentences. This Court determined that the Motion was properly treated as a Post Conviction Relief

- 3 -

Act Petition and, finding that it was untimely, gave notice of its intent to and ultimately dismissed the Petition on June 7, 2012. That Order was affirmed by our Superior Court on August 6, 2013.

No further action was taken until September 12, 2017, when [Appellant] filed a pro se Post Conviction Relief Act Petition alleging that, pursuant to Commonwealth v. Muniz, 169 A.3d 1189 (Pa. 2017), his lifetime registration [as a sex offender] was unconstitutional. Counsel was appointed to represent [Appellant] and an Amended Petition was filed. The Commonwealth, through the Office of the District Attorney filed a response to the Amended Petition. Thereafter, the Pennsylvania State Police, through the Office of the Attorney General, sought and was granted permission to intervene. After giving the appropriate notice of its intent to do so, this Court dismissed the Amended Petition on June 28, 2018 without a hearing. This appeal followed.

PCRA Court Opinion, 10/10/18, at 1-3. The PCRA court dismissed the petitions because they were untimely. Id. at 5. Appellant filed timely appeals, and both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for this Court's consideration:

1. Whether the trial court erred in ruling that it lacked jurisdic[ti]on to adjudicate the merits of the amended PCRA petition and/or petition for writ of habeas corpus?

2. Whether the trial court erred by not ruling that Act 10 of 2018 is unconstitutional under the federal and state ex post facto and double jeopardy clauses?

Appellant's Brief at 5 (full capitalization omitted).

At the outset, we must determine whether Appellant's petitions were correctly deemed PCRA petitions or whether they should have been considered petitions for habeas corpus relief. Appellant argues that his filings should have been treated as habeas corpus petitions because the relief sought falls outside

of the strictures of the PCRA pursuant to the holding in Commonwealth v. Bundy, 96 A.3d 390 (Pa. Super. 2014). Appellant's Brief at 10. We disagree.

In Bundy, this Court held that the PCRA did not apply to challenges to sex offender registration requirements under Megan's Law because claims under Megan's Law did not implicate the conviction or sentence. Bundy, 96 A.3d at 394. However, due to substantial changes in the law of sex offender registration, Bundy does not apply to Appellant's petition.

After the enactment of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.42, which replaced Megan's Law, our Supreme Court determined that the SORNA registration provisions are punitive in nature and that retroactive application of SORNA's requirements violates both the Pennsylvania and federal ex post facto clauses. Commonwealth v. Muniz, 164 A.3d 1189, 1193 (Pa. 2017). Furthermore, the punitive nature of SORNA's registration requirements impact the legality of a sex offender's sentence. Commonwealth v. Butler, 173 A.3d 1212, 1215 (Pa. Super. 2017), appeal granted, 190 A.3d 581 (Pa. 2018).[3]

_____

[3] Following the decisions in Muniz and Butler, our General Assembly passed Acts 10 and 29 of 2018 in an effort to address SORNA's constitutional defects. 42 Pa.C.S. § 9799.51(b)(4). Specifically, the General Assembly modified the registration requirements for offenders convicted of committing offenses on or after SORNA's effective date, December 20, 2012. The General Assembly also added Subchapter I to Title 42, Part VII, Chapter 97. Subchapter I sets forth registration requirements for offenders convicted of committing offenses on or after the effective date of Megan's Law I, April 22, 1996, but prior to SORNA's effective date of December 20, 2012. Subchapter I applies to

Therefore, Appellant's claims challenging the application of SORNA's registration requirements, as opposed to the requirements under Megan's Law, are issues concerning the legality of a sentence and cognizable under the PCRA. Commonwealth v. Greco, 203 A.3d 1120, 1123 (Pa. Super. 2019) (citing Commonwealth v. Murphy, 180 A.3d 402, 405-406 (Pa. Super. 2018), appeal denied, 195 A.3d 559 (Pa. 2018)). Thus, because Appellant is challenging the application of SORNA, the decision in Bundy is immaterial, and the PCRA court properly considered Appellant's claims under the PCRA. See Commonwealth v. Montgomery, 181 A.3d 359, 367 (Pa. Super. 2018) (noting that the PCRA is the sole means of obtaining collateral relief, and it encompasses all other common law and statutory remedies including habeas corpus) (citing 42 Pa.C.S. § 9542)).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." Commonwealth v. Stultz, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting Commonwealth v. Henkel, 90 A.3d 16, 20 (Pa. Super. 2014) (en banc)). We are limited to determining whether the evidence of record

_____

offenders whose period of registration has not expired, and offenders required to register under a prior sexual offender registration law on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired. Recently, pursuant to 42 Pa.C.S. § 722(7), our Supreme Court granted a direct appeal from a decision in the Montgomery County Court of Common Pleas to determine whether Acts 10 and 29 are constitutional. Commonwealth v. Lacombe, 35 MAP 2018 (Pa. 2018).

supports the conclusions of the PCRA court and whether the ruling is free of legal error. Commonwealth v. Robinson, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. Commonwealth v. Lippert, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. Commonwealth v. Taylor, 67 A.3d 1245, 1248 (Pa. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[4] A petition invoking one of these exceptions must be filed within

_____

[4] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the

sixty days of the date the claim could first have been presented. 42 Pa.C.S.

§ 9545(b)(2).[5]

Our review of the record reflects that the trial court imposed Appellant's judgment of sentence on June 8, 2006, and Appellant filed a timely direct appeal. This Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on May 9, 2008. Commonwealth v. Preik, 944 A.2d 798, 1413 WDA 2006 (unpublished memorandum) (Pa. Super. filed November 28, 2007), appeal

_____

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[5] We note that Section 9545(b)(2) was amended on October 24, 2018, effective sixty days later on December 24, 2018, and extended the time for filing from sixty days of the date the claim could have been presented to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. See Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Here, the sixty-day time limit in section 9545(b)(2) applies to Appellant's petition, as it was filed prior to December 24, 2017. Although Appellant also filed amended petitions after the effective date, it does not alter our analysis or conclusion as Appellant has failed to plead and prove any exception to the PCRA time bar.

denied, 948 A.2d 803 (Pa. 2008). Therefore, Appellant's judgment of sentence became final on August 7, 2008, ninety days after our Supreme Court denied allowance of appeal and the time in which to pursue a writ of certiorari in the United States Supreme Court expired. See 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thus, in order to be timely, Appellant needed to file a PCRA petition on or before August 7, 2009. Appellant did not file the instant PCRA petitions until September 12, 2017.[6] Accordingly, Appellant's PCRA petitions are patently untimely.

However, we reiterate, if a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). Here, Appellant has failed to plead and prove any exception to the PCRA time bar. Thus, the PCRA court properly denied his petitions.

Furthermore, assuming Appellant presented the holding in Muniz as an exception to the PCRA time bar under 42 Pa.C.S. § 9545(b)(1)(iii), we would still conclude that no relief is due. As this Court recently explained:

> [W]e acknowledge that this Court has declared that, "Muniz created a substantive rule that retroactively applies in the collateral context." Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in Rivera-Figueroa), he must demonstrate that the Pennsylvania Supreme Court has held that Muniz applies retroactively in order to satisfy section 9545(b)(1)(iii). See Abdul–Salaam, supra. Because at

_____

[6] Appellant filed amended petitions on March 12, 2018.

this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on Muniz to meet that timeliness exception.

Murphy, 180 A.3d at 405-406 (emphasis in original).

Because our Supreme Court has not held that Muniz applies retroactively to untimely PCRA petitions, Appellant cannot satisfy his burden to plead and prove applicability of one of the exceptions to the timeliness requirement. Accordingly, had this exception to the PCRA time bar been properly raised, we would conclude that the PCRA court properly dismissed Appellant's petitions as untimely.

In sum, the PCRA court correctly treated Appellant's filings as PCRA petitions, concluded that the petitions were untimely, and found that Appellant failed to establish the applicability of any exception to the PCRA timing requirements. PCRA Court Opinion, 10/10/18, at 5. As such, the PCRA court lacked jurisdiction to address any claims presented. See Commonwealth v. Fairiror, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear an untimely petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/18/2019

- 10 -